KENNETH R. MACKIE #248473
LAW OFFICE OF KENNETH R. MACKIE
3153 Tupelo Drive
Merced, CA 95348
(209) 631-8395
Email: kennethrmackie@hotmail.com

Attorney for Plaintiff:
CAROL LYNNE ARAO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CAROL LYNNE ARAO, <br><br> Plaintiff, <br><br> v. <br><br> CABRILLO COMMUNITY COLLEGE, PEGI ARD, DEBRA BARNETT, LOREE McCAWLEY, BARBARA SHINGAI, SHELLEY WEST, and DOES 1 through 100 <br><br> Defendants. | Case No.: 5:08-CV-03050 PVT <br><br> **FIRST AMENDED COMPLAINT FOR DAMAGES** <br> (Violation of Federal and State Civil Rights Statutes; Punitive Damages & Attorney's Fees Requested) <br><br> **JURY TRIAL DEMANDED** |

Plaintiff CAROL LYNNE ARAO alleges:

### I. PARTIES AND CAPACITIES

1. At all relevant times, plaintiff CAROL LYNNE ARAO was a citizen and resident of the State of California and the County of Santa Cruz and employed by CABRILLO COMMUNITY COLLEGE.

---

1
FIRST AMENDED COMPLAINT FOR DAMAGES

2. At all relevant times, defendant CABRILLO COMMUNITY COLLEGE was a public entity, a public California community college, with its principal place of business at 6500 Soquel Drive, Aptos, California, 95003 organized and existing under and by virtue of the laws of the State of California. CABRILLO COMMUNITY COLLEGE employs over 500 full time staff and has an enrollment in excess of 15,000 students. Under California Government Code § 815.2 (a), defendant CABRILLO COMMUNITY COLLEGE is liable for any and all wrongful hereinafter complained of committed by any of the individual defendants.

3. At all times relevant, defendant PEGI ARD was employed by CABRILLO COMMUNITY COLLEGE as a Vice President of Business Services. Under California Government Code § 820 (a) individual employees are liable for injury caused by his act or omission to the same extent as a private person.

4. At all times relevant, defendant DEBRA BARNETT was employed by CABRILLO COMMUNITY COLLEGE as an Academic Personnel Technician. Under California Government Code § 820 (a) individual employees are liable for injury caused by his act or omission to the same extent as a private person.

5. At all times relevant, defendant LOREE McCAWLEY was employed by CABRILLO COMMUNITY COLLEGE as a Human Resources Director. Under California Government Code § 820 (a) individual employees are liable for injury caused by his act or omission to the same extent as a private person.

6. At all times relevant, defendant BARBARA SHINGAI was employed by CABRILLO COMMUNITY COLLEGE as an Assistant Director of Human Resources. Under California Government Code § 820 (a) individual employees are liable for injury caused by his act or omission to the same extent as a private person.

7. At all times relevant, defendant SHELLEY WEST was employed by CABRILLO COMMUNITY COLLEGE as an Accountant. Under California Government Code § 820 (a)

1  individual employees are liable for injury caused by his act or omission to the same extent as a
2  private person.
3     8.   Plaintiff is informed and believes and thereon alleges that each of the defendants
4  designated as a DOE defendant is intentionally and negligently responsible in some manner for
5  the wrongful acts and omissions and the events herein referred to, and thereby proximately
6  caused injuries and damages as herein alleged. The true names and capacities of Does 1 through
7  100 inclusive, and each of them, are not known to plaintiff, who therefore sues said defendants
8  by such fictitious names. Plaintiff will amend this complaint to show their true names and
9  capacities when the same have been ascertained. Under California Government Code § 820 (a)
10 individual employees are liable for injury caused by his act or omission to the same extent as a
11 private person. Under California Government Code § 821.4 a public employee is liable for injury
12 caused by his failure to make an inspection, or by reason of making an inadequate inspection of
13 the property of the public entity employing the public employee, for the purpose of determining
14 whether the property complies with or violates any enactment or contains or constitutes a hazard
15 to health and safety.

## II. JURISDICTION AND VENUE

17    9.   This action is brought pursuant to Title VII of the Civil Rights Act of 1964 for
18 employment discrimination.
19    10.  The jurisdiction of this Court over the subject matter of this action is predicated
20 on 28 U.S.C. § 1331; 29 U.S.C. 626(C); 42 U.S.C. § 2000e-5(g); 42 U.S.C. §§ 1983, 1988,
21 12117(a).
22    11.  Plaintiff filed charges with the Federal Equal Employment Opportunity
23 Commission regarding defendant's alleged discriminatory conduct on or about March 22, 2007

12. The Equal Employment Opportunity Commission issued a Dismissal and Notice of Rights, Right to Sue Letter (copy attached), which was received by me on or about March 28, 2008.

13. Venue is proper in the San Jose Division of this District because Plaintiff's claims arose in this Division of this District and because, on information and belief, all defendants are and were at all times mentioned herein residents of the State of California and/or of the San Jose Division of the Northern District of California.

### III. BACKGROUND FACTS

14. Plaintiff's federal claims arise under the First, Fifth and Fourteenth Amendments to the United States Constitution; Title VII of the federal Civil Rights Act; Title 42 of the United States Code, §§ 1981, 1983, 1985(3), 2000e-2(a), and 2000e-3(a).

15. Plaintiff CAROL LYNNE ARAO is a female of Japanese-American descent. At all relevant times, Plaintiff was over the age of 40.

16. Defendant PEGI ARD is a Caucasian female.

17. Defendant DEBRA BARNETT is a Caucasian female.

18. Defendant LOREE McCAWLEY is a Caucasian female.

19. Defendant BARBARA SHINGAI is a female of Japanese-American descent.

20. Defendant SHELLEY WEST is a Caucasian female.

21. KARI KUBIK is a Caucasion female employed by CABRILLO COMMUNITY COLLEGE as a Confidential Human Resources Assistant.

22. On or about May, 2006, ARAO applied for a temporary out-of-class assignment as a Confidential Personnel Technician. ARAO was 56 years old at the time.

23. On or about July 2006 KUBIK given the position of was assigned the temporary out-of-class assignment of Confidential Personnel Technician which ARAO for which ARAO had applied. KUBIK was 39 years old at the time. At that time, Confidential Personnel

Technicians received higher pay than Confidential Assistants. ARAO had greater seniority and training for the position. KUBIK had to be trained first to do ARAO's duties, then given the specialized training and duties of the Confidential Personnel Technician.

24. On or about July 18, 2006, ARAO was asked by SHINGAI to make copies of instructor evaluations and was told that the Program Chairperson along with a third party would be reviewing the instructor evaluations. ARAO questioned SHINGAI about the assignment out of concerns that she would be out of compliance due to the rights of privacy accorded by the Federal Privacy Act, the California Education Code, and the instructors' contract with Cabrillo College Federation of Teachers and CABRILLO COMMUNITY COLLEGE District. SHINGAI became angry at ARAO for raising those objections. ARAO then expressed her concerns in an email to McCAWLEY, copied to SHINGAI and ARD.

25. On or about August 2, 2006, ARAO filed a Workers' Compensation claim for job-related "injury to psyche and nervous system due to continuous trauma" from "8-2-2005 continuous trauma to present" and went on a stress-related leave of absence.

26. On or about October 26, 2006 ARAO was assigned to work in a trailer in isolation from all other employees of CABRILLO COMMUNITY COLLEGE.

27. On or about October 30, 2006, ARAO was released to return to work without restrictions.

28. On or about October 30, 2006, ARAO sent an email to Cheryl Henrickson with copies to McCAWLEY, SHINGAI and Doug Deaver describing, an ant infestation, mold on the window glass, and wet and moldy boxes in the trailer.

29. On or about November 3, 2006, ARAO called the Santa Cruz County Environmental Health Department. She was told that mold can be very dangerous and that she should call Cal OSHA. ARAO filed a complaint (# 205861750) with the California Division of Occupational Safety and Health.

30. The following Monday, November 6, 2006, ARAO was placed on indefinite paid administrative leave by McCAWLEY. The memorandum notifying her of the leave was copied to ARD and SHINGAI.

31. On or about February 9, 2007, CABRILLO COMMUNITY COLLEGE was notified that ARAO suffered from gastrointestinal dysmotility disorder via a letter from Gordon Lee, M.D. faxed to Susan Torres, Human Resources Benefits Analyst.

32. On or about March 7, 2007, ARAO filed a complaint with the California Department of Fair Employment and Housing alleging employment discrimination and retaliation.

33. On or about May 2, 2007, ARAO filed a California Division of Labor Standards Enforcement Safety Retaliation complaint.

34. On or about June 1, 2007, CABRILLO COMMUNITY COLLEGE sent ARAO a letter stating, "The District has received notification that you have been released to return to work. This is to advise you that your last day of paid administrative leave will be Monday, June 4, 2007. According to District records, you have nineteen (19) non-work days remaining on the books for the 2006-2007 year. As it has been your usual pattern to take your non-work days off in the month of June, these hours/days will be scheduled as follows: Tuesday, 6/5 through Friday, 6/29: 19 days of non-work time.  You will be expected to return to work on Monday, July 2, 2007. … Please report to the modular unit (between the Campus Sheriff's Office-bldg. 955 and adjacent classrooms – Bldg. 850)." The letter was signed by McCAWLEY and copied to ARD.

35. On or about July 2, 2007, ARAO reported to work. Her new work site was an isolated office trailer located behind the Football Stadium.  The trailer did not have available drinking water, and the nearest restroom facility was in the football stadium, a walk of nearly 80 yards from the trailer. Defendants failed to properly clean and stock the restroom.

36. On or about October 18, 2007, WEST informed ARAO that the office trailer to which she was assigned would be moved from behind the Football Stadium to a location across Cabrillo College Drive next to a construction zone for the Performing Arts and Theatre complex.

37. On or about October 22, 2007, Dr. Arthur Anton, Ph.D., a California Licensed Psychologist wrote, "It has come to my attention that Carol Arao is about to be relocated to an office that will be very near a site on the Cabrillo Campus at which construction is taking place. Ms. Arao still suffers from anxiety, and it is my opinion, in my capacity as her treating psychologist, that the loud sounds to which she will be subjected will be injurious to her mental health. It is recommended, therefore, that she not be relocated until construction has been completed." This letter was attached to a letter from The Law Offices of Russell D. Jacobson to CABRILLO COMMUNITY COLLEGE protesting the proposed move of the Trailer.

38. On or about October 24, 2007, while ARAO was attending a QME evaluation for her Workers' Compensation psyche/stress related claim, Defendants caused the trailer to be moved to the construction site. On the advice of her doctor, ARAO refused to work in the trailer next to the construction site. ARAO was assigned to work in the Business Office.

39. On or about January 9, 2008, WEST, called ARAO into her office and told ARAO that she had to make a choice to either work in the office trailer next to the construction zone or to work in an office located in an abandoned office area where she would be working alone in isolation. WEST informed ARAO that she could work in the Business Office for 1-2 hours doing filing and then she would have to go to the designated office and sit without work to do as WEST had no projects for ARAO. WEST stopped meeting with ARAO on a daily basis after ARAO refused to work in the office trailer when it was moved to the construction zone area. WEST no longer gave ARAO work assignments/projects to do and seldom spoke to her. ARAO received work to do from the classified workers in the Business Office which consisted

mainly of filing. ARAO was still being excluded from Business Office meetings and not afforded the same opportunities as other employees of the College.

## IV. FIRST CAUSE OF ACTION

(Violation of First Amendment Right to Free Speech)

40. Plaintiff realleges, and incorporates herein as if fully restated, the allegations of paragraphs 1 - 39, ante.

41. Plaintiff engaged in protected speech on July 18, 2006 and again on October 30, 2006.

42. Defendant(s) isolated Plaintiff from other co-workers; placed Plaintiff in an unsafe work site; placed Plaintiff on administrative leave for 8 monthswithout a hearing; restricted Plaintiff's access to her superiors; prevented Plaintiff from attending department meetings; and reduced the nature and scope of Plaintiff's duties.

43. Plaintiff suffered humiliation, stress and emotional distress at being isolated from contact with co-workers.

44. As a direct and proximate result of the Defendant's acts and omissions, Plaintiff suffered injury, loss and damage as more particularly described above.

45. The acts of the individual defendants were outrageous, and committed knowingly, willfully, fraudulently and maliciously, with the wrongful intent to vex, annoy, harass, and oppress Plaintiff and to cause physical injury, emotional pain and suffering, from an improper and evil motive amounting to malice, and in conscious disregard of plaintiff's rights; and by reason thereof, plaintiff requests that the individual defendants be required to pay damages by way of example and punishment in a sum according to proof.

WHEREFORE, plaintiff prays for judgment as set forth below.

## V. SECOND CAUSE OF ACTION

(42 U.S.C. § 1983: First Amendment Retaliation)

46. Plaintiff realleges, and incorporates herein as if fully restated, the allegations of paragraphs 1 - 45, ante.

47. Defendant(s) isolated Plaintiff from other co-workers; placed Plaintiff in an unsafe work site; placed Plaintiff on administrative leave for 8 monthswithout a hearing; restricted Plaintiff's access to her superiors; prevented Plaintiff from attending department meetings; and reduced the nature and scope of Plaintiff's duties.

48. The actions of individual defendants set forth above were intended to retaliate against and punish plaintiff for her exercise of her right to petition the government for redress and to express peaceably views contrary to those held by these defendants. Such conduct violated the plaintiff's right of free speech and right to petition the government for redress as guaranteed by the First and Fourteenth Amendments to the United States Constitution and by the laws and Constitution of the State of California.

49. As a direct and proximate result of the Defendant's acts and omissions, Plaintiff suffered injury, loss and damage as more particularly described above.

50. The acts of the individual defendants were outrageous, and committed knowingly, willfully, fraudulently and maliciously, with the wrongful intent to vex, annoy, harass, and oppress Plaintiff and to cause physical injury, emotional pain and suffering, from an improper and evil motive amounting to malice, and in conscious disregard of plaintiff's rights; and by reason thereof, plaintiff requests that the individual defendants be required to pay damages by way of example and punishment in a sum according to proof.

WHEREFORE, plaintiff prays for judgment as set forth below.

## VI. THIRD CAUSE OF ACTION

(42 U.S.C. § 1985: Conspiracy to violate Constitutional rights.)

51. Plaintiff realleges, and incorporates herein as if fully restated, the allegations of paragraphs 1 - 50, ante.

52. Defendant(s) isolated Plaintiff from other co-workers; placed Plaintiff in an unsafe work site; placed Plaintiff on administrative leave for 8 months without a hearing; restricted Plaintiff's access to her superiors; prevented Plaintiff from attending department meetings; and reduced the nature and scope of Plaintiff's duties.

53. By virtue of the foregoing, certain defendants, and two or more of them, conspired for the purpose of depriving plaintiff of liberty and property and other Constitutional rights without due process of law. Plaintiff is informed and believes and thereon alleges that the defendants, acting in their individual capacities and under color of state law, did and caused to be done an act or acts in furtherance of the object of a conspiracy and acted in concert to undertake a course of conduct violative of plaintiff's constitutional rights by:

   a. conspiring to engage in disparate treatment of plaintiff;
   b. conspiring to place plaintiff on an 8-month administrative leave of absence without a hearing;
   c. conspiring to isolate plaintiff from co-workers;
   d. conspiring to unilaterally alter plaintiff's terms and conditions of employment; and,
   e. conspiring to introduce evidence against plaintiff in adjudicative proceedings in violation of plaintiff's contractual and Constitutional due process rights.

54. As a direct and proximate result of the conspiracy between and among the aforesaid defendants and others, plaintiff was deprived of her rights under the First, Fifth and Fourteenth Amendments to the United States Constitution. As a further direct and proximate result of defendant's acts and omissions, plaintiff suffered injury, loss and damage as more particularly described above.

55. The acts of the individual defendants were outrageous, and committed knowingly, willfully, fraudulently and maliciously, with the wrongful intent to vex, annoy, harass, and

oppress Plaintiff and to cause physical injury, emotional pain and suffering, from an improper and evil motive amounting to malice, and in conscious disregard of plaintiff's rights; and by reason thereof, plaintiff requests that the individual defendants be required to pay damages by way of example and punishment in a sum according to proof.

WHEREFORE, plaintiff prays for judgment as set forth below.

## VII. FOURTH CAUSE OF ACTION

(29 U.S.C. § 623: Age Discrimination)

56.    Plaintiff realleges, and incorporates herein as if fully restated, the allegations of paragraphs 1 - 55, ante.

57.    Defendants assigned a younger, less qualified individual to the Confidential Personnel Technician position for which Plaintiff had applied.

58.    Defendants reduced Plaintiff's workload, with many jobs she had been performing given to younger employees. Plaintiff was reduced to sitting in an isolated office with no assigned tasks to complete.

59.    As a direct and proximate result of the Defendant's acts and omissions, Plaintiff suffered injury, loss and damage as more particularly described above.

60.    The acts of the individual defendants were outrageous, and committed knowingly, willfully, fraudulently and maliciously, with the wrongful intent to vex, annoy, harass, and oppress Plaintiff and to cause physical injury, emotional pain and suffering, from an improper and evil motive amounting to malice, and in conscious disregard of plaintiff's rights; and by reason thereof, plaintiff requests that the individual defendants be required to pay damages by way of example and punishment in a sum according to proof.

WHEREFORE, plaintiff prays for judgment as set forth below.

## VIII. FIFTH CAUSE OF ACTION

(42 U.S.C. § 2000e-3 Other Unlawful Employment Practices.)

61. Plaintiff realleges, and incorporates herein as if fully restated, the allegations of paragraphs 1 - 60, ante.

62. Defendant(s) isolated Plaintiff from other co-workers; placed Plaintiff in an unsafe work site; placed Plaintiff on administrative leave for 8 months without a hearing; restricted Plaintiff's access to her superiors; prevented Plaintiff from attending department meetings; and reduced the nature and scope of Plaintiff's duties.

63. Defendants by the above-described actions discriminated and retaliated against plaintiff for making charges of discrimination.

64. Defendants by the above-described actions discriminated and retaliated against plaintiff for participating in investigations by the EEOC.

65. As a direct and proximate result of the Defendant's acts and omissions, Plaintiff suffered injury, loss and damage as more particularly described above.

66. The acts of the individual defendants were outrageous, and committed knowingly, willfully, fraudulently and maliciously, with the wrongful intent to vex, annoy, harass, and oppress Plaintiff and to cause physical injury, emotional pain and suffering, from an improper and evil motive amounting to malice, and in conscious disregard of plaintiff's rights; and by reason thereof, plaintiff requests that the individual defendants be required to pay damages by way of example and punishment in a sum according to proof.

WHEREFORE, plaintiff prays for judgment as set forth below.

## IX. SIXTH CAUSE OF ACTION

(42 U.S.C. § 12112; Cal. Civ. Code § 51: Disability Discrimination.)

67. Plaintiff realleges, and incorporates herein as if fully restated, the allegations of paragraphs 1 - 66, ante.

68. Plaintiff suffered from both physical and mental impairments which substantially limited one or more major life activities.

69. Plaintiff had a record of cancer.

70. Plaintiff had a record of carpal tunnel syndrome.

71. Plaintiff suffered from gastrointestinal dysmotility disorder.

72. Plaintiff could still perform the essential functions of the job.

73. Defendant(s) isolated Plaintiff from other co-workers; placed Plaintiff in an unsafe work site; placed Plaintiff on administrative leave for 8 months without a hearing; restricted Plaintiff's access to her superiors; prevented Plaintiff from attending department meetings; and reduced the nature and scope of Plaintiff's duties.

74. Defendants by the above-described actions discriminated against plaintiff in regard to advancement, job training, and other terms, conditions, and privileges of her employment.

75. As a direct and proximate result of the Defendant's acts and omissions, Plaintiff suffered injury, loss and damage as more particularly described above.

76. The acts of the individual defendants were outrageous, and committed knowingly, willfully, fraudulently and maliciously, with the wrongful intent to vex, annoy, harass, and oppress Plaintiff and to cause physical injury, emotional pain and suffering, from an improper and evil motive amounting to malice, and in conscious disregard of plaintiff's rights; and by reason thereof, plaintiff requests that the individual defendants be required to pay damages by way of example and punishment in a sum according to proof.

WHEREFORE, plaintiff prays for judgment as set forth below.

## X. SEVENTH CAUSE OF ACTION

(Intentional Infliction of Emotional Distress)

77. Plaintiff realleges, and incorporates herein as if fully restated, the allegations of paragraphs 1 - 76, ante.

78. Defendants conduct towards plaintiff was extreme and outrageous in that defendants:

   a. Directed Plaintiff to perform a task which consisted of breaching the confidentiality of one or more other employee's personnel files.
   b. Ordered Plaintiff to work in an unsafe environment in violation of California Labor Code § 6402, after she informed her superiors of the breach of confidentiality of personnel files.
   c. Ordered Plaintiff to work in isolation after she informed her superiors of the breach of confidentiality of personnel files.
   d. Failed to inspect Plaintiff's worksite for the purpose of determining whether the worksite complied with or violated any enactment or contains or constitutes a hazard to her health or safety prior to her being assigned to work therein.
   e. Placed Plaintiff on indefinite leave of absence after she informed Defendants of her hazardous worksite.
   f. Failed to provide Plaintiff with a hearing prior to putting her on indefinite leave of absence.
   g. Ordered Plaintiff to work in a trailer in the middle of the summer without fresh and pure drinking water in violation of California Labor Code § 2441(a).
   h. Ordered Plaintiff to work in a location 233 feet away from the nearest restroom facility, in violation of California Labor Code § 2260 and Title 8, California Code of Regulations § 3364 (b).
   i. Failed to properly clean and maintain the restroom facilities nearest to the plaintiff even after repeated requests to do so, in violation of California Labor Code § 2260 and Title 8, California Code of Regulations § 3364 (b).

j.  Failed to keep restroom facilities accessible at all times to plaintiff, in violation of California Labor Code § 2260 and Title 8, California Code of Regulations § 3364 (b).

k.  Reduced plaintiff's workload without justification.

l.  Continued to order plaintiff to work in solitary after receiving statements from medical professionals that such a working condition was harmful to her well-being.

79. As a direct and proximate result of the Defendant's acts and omissions, Plaintiff suffered injury, loss and damage as more particularly described above.

80. The acts of the individual defendants were outrageous, and committed knowingly, willfully, fraudulently and maliciously, with the wrongful intent to vex, annoy, harass, and oppress Plaintiff and to cause physical injury, emotional pain and suffering, from an improper and evil motive amounting to malice, and in conscious disregard of plaintiff's rights; and by reason thereof, plaintiff requests that the individual defendants be required to pay damages by way of example and punishment in a sum according to proof.

WHEREFORE, plaintiff prays for judgment as set forth below.

## XI. EIGHTH CAUSE OF ACTION

(California Labor Code § 1102.5: Retaliation.)

81. Plaintiff realleges, and incorporates herein as if fully restated, the allegations of paragraphs 1 - 80, ante.

82. Defendant(s) isolated Plaintiff from other co-workers; placed Plaintiff in an unsafe work site; placed Plaintiff on administrative leave for 8 months without a hearing; restricted Plaintiff's access to her superiors; prevented Plaintiff from attending department meetings; and reduced the nature and scope of Plaintiff's duties.

15
FIRST AMENDED COMPLAINT FOR DAMAGES

83. Defendants by the above-described actions discriminated and retaliated against plaintiff for disclosing information regarding violation(s) of privacy rights.

84. Defendants by the above-described actions discriminated and retaliated against plaintiff for disclosing information regarding violation(s) of worker safety laws.

85. As a direct and proximate result of the Defendant's acts and omissions, Plaintiff suffered injury, loss and damage as more particularly described above.

86. The acts of the individual defendants were outrageous, and committed knowingly, willfully, fraudulently and maliciously, with the wrongful intent to vex, annoy, harass, and oppress Plaintiff and to cause physical injury, emotional pain and suffering, from an improper and evil motive amounting to malice, and in conscious disregard of plaintiff's rights; and by reason thereof, plaintiff requests that the individual defendants be required to pay damages by way of example and punishment in a sum according to proof.

WHEREFORE, plaintiff prays for judgment as set forth below.

## XII. NINTH CAUSE OF ACTION

(California Education Code § 87160 et. seq.:

Reporting by Community College Employees of Improper Governmental Activities Act.)

87. Plaintiff realleges, and incorporates herein as if fully restated, the allegations of paragraphs 1 - 86, ante.

88. Defendant(s) isolated Plaintiff from other co-workers; placed Plaintiff in an unsafe work site; placed Plaintiff on administrative leave for 8 months without a hearing; restricted Plaintiff's access to her superiors; prevented Plaintiff from attending department meetings; and reduced the nature and scope of Plaintiff's duties.

89. Defendants by the above-described actions discriminated and retaliated against plaintiff for disclosing information regarding violation(s) of privacy rights.

90. Defendants by the above-described actions discriminated and retaliated against plaintiff for disclosing information regarding violation(s) of worker safety laws.

91. As a direct and proximate result of the Defendant's acts and omissions, Plaintiff suffered injury, loss and damage as more particularly described above.

92. The acts of the individual defendants were outrageous, and committed knowingly, willfully, fraudulently and maliciously, with the wrongful intent to vex, annoy, harass, and oppress Plaintiff and to cause physical injury, emotional pain and suffering, from an improper and evil motive amounting to malice, and in conscious disregard of plaintiff's rights; and by reason thereof, plaintiff requests that the individual defendants be required to pay damages by way of example and punishment in a sum according to proof.

WHEREFORE, plaintiff prays for judgment as set forth below.

## XIII. PRAYER FOR RELIEF

Plaintiff seeks judgment as follows:

    a. Compensatory general and special damages against all defendants, and each of them, in an amount according to proof;

    b. Punitive and exemplary damages against each of the defendants herein sued in his/her individual capacity;

    c. Civil penalties and treble damages as allowed by California Civil Code § 52.

    d. Prejudgment interest according to proof.

    e. Reasonable attorney's fees and expenses of litigation as allowed by law, including but not limited to 42 U.S.C. § 1988 and California Civil Code § 52.

    f. Costs of suit reasonably incurred herein;

    g. Such further relief as the court deems just and proper;

      h.    That CABRILLO COMMUNITY COLLEGE be required to pay any judgment pursuant to law, including but not limited to California Government Code § 825.

DATED:     July 17, 2008

                                                            /s/ Kenneth R. Mackie
                                                            Kenneth R. Mackie
                                                            Attorney for Plaintiff
                                                            CAROL LYNNE ARAO

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury for this matter.

DATED:     July 17, 2008

                                                            /s/ Kenneth R. Mackie
                                                            Kenneth R. Mackie
                                                            Attorney for Plaintiff
                                                            CAROL LYNNE ARAO

18
FIRST AMENDED COMPLAINT FOR DAMAGES

COURT: UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

CASE: CAROL LYNNE ARAO v. CABRILLO COMMUNITY COLLEGE, et. al

CASE#: Case No.: 5:08-CV-03050 PVT

**DECLARATION OF SERVICE BY MAIL**

I, the undersigned, declare:

I am a citizen of the United States; I am over the age of eighteen years and not a party to the within cause or proceeding. My business address is 3153 Tupelo Drive, Merced, CA 95348. On July 18, 2008, I served a true copy of the following:

FIRST AMENDED COMPLAINT

By placing true copies thereof in an envelope addressed to the person(s) hereinafter listed, by depositing said envelope at a United States post office box at Merced, California:

John Shupe
Shupe & Finkelstein
177 Bovet Rd # 600
San Mateo, CA 94402

Attorney for Defendants

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 18, 2008 at Merced, California.

                                              /s/ Kenneth R. Mackie
                                                Kenneth R. Mackie